09-3305-ag
Jakaj v. Holder

BIA
Rohan, IJ
A094 046 302
A094 048 713

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of March, two thousand ten.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> REENA RAGGI,
> > *Circuit Judges*.

_____

ARDIANA JAKAJ, KOL JAKAJ,
> *Petitioners*,

v.                                              09-3305-ag
                                                NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          Michael P. Diraimondo, Melville, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General, Anthony P. Nicastro, Senior Litigation Counsel, D. Nicholas Harling, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners Ardiana and Kol Jakaj, both natives and citizens of Albania, seek review of a July 27, 2009, order of the BIA, affirming the October 23, 2007, decision of Immigration Judge ("IJ") Patrician A. Rohan, denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jakaj,* Nos. A094 046 302, A094 048 713 (B.I.A. July 27, 2009), *aff'g* Nos. A094 046 302, A094 048 713 (Immig. Ct. N.Y. City Oct. 23, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the BIA's and IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the agency's adverse credibility determination. As the IJ found, Kol's testimony conflicted with both the record and Ardiana's testimony. First, Kol testified that he never received documents confirming his 2003 arrest, but Ardiana testified that they

2

did receive such documents. Second, with regard to the medical report, Kol testified that they did not receive any documents from the doctor who treated them after their release from detention. When questioned about two letters from their doctor in the record, Kol explained that after he and his sister arrived in the United States, his father contacted the doctor to write the letters. However, the letters were dated the day of the alleged treatment, before Petitioners arrived in the United States. Moreover, Ardiana testified that they received the documents days after the treatment. The agency was entitled to rely on these discrepancies in finding Petitioners not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Furthermore, the IJ reasonably declined to credit Petitioners' explanations for the inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Because Petitioners fail to challenge the adverse inference that the IJ drew from their failure to provide sufficient evidence corroborating their claims, we deem that argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Accordingly, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C § 1158(b)(1)(B)(iii).

Finally, the BIA did not err in declining to consider the supplemental report that Petitioners submitted on appeal, as it was not in the record before the IJ and the BIA may "not engage in factfinding in the course of deciding appeals." 8 C.F.R. § 1003.1(d)(3)(iv); *Xian Tuan Ye v. DHS*, 446 F.3d 289, 296 (2d Cir. 2006).

Because the only evidence of a threat to Petitioners' lives or freedom depended upon their credibility, the adverse credibility determination in this case necessarily precludes success on their claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). This Court need not reach the IJ's alternative findings that Petitioners failed to meet their burden of proof irrespective of their credibility.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4